UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| TERRY ALLEN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) 1:10-cv-281 PPS-RBC |
| | ) |
| DANA, DANA CORP., UNITED STEEL | ) |
| WORKERS UNION 903, | ) |
| MIKE ESSELBURN, DANA-TRACTION | ) |
| TECHNOLOGIES, INC., HUMAN | ) |
| RESOURCE BUSINESS PARTNER, AND | ) |
| JOHN DOE, | ) |
| | ) |
| Defendants. | ) |

## OPINION AND ORDER

Before the Court are Defendants Dana, Dana Corp., Dana-Traction Technologies, Inc., and Mike Esselburn's [DE 59] and Local 903 United SteelWorkers Union's [DE 89] Motions to Enforce Settlement Agreement and Dismiss with Prejudice. For simplicity sake, I refer to all of the defendants together as "Dana." For the following reasons, the motions are **GRANTED**.

Plaintiff Terry Allen brought this action *pro se* against the above named defendants after his employment with Dana was terminated. In his complaint, he alleges violations of the Civil Rights Act of 1964, the Age Discrimination in Employment Act, the Americans with Disabilities Act, and 42 U.S.C. § 1981. [DE 8.] He then requested and was granted court appointed counsel. [DE 17, 34.] Whether Allen signed a retainer agreement or a fee agreement with his first appointed counsel is not clear from the record.

Shortly thereafter, Allen wrote an *ex parte* letter to Magistrate Judge Roger B. Cosbey in which Allen stated his displeasure with his appointed counsel and expressed his concern that

counsel was going to prematurely withdraw his appearance on behalf of Allen. [DE 46.] Nonetheless, a few weeks later, on January 12, 2011, Allen appeared with his counsel at a settlement conference before Judge Cosbey. At the conclusion of the conference, the parties agreed to settle, and the court went on the record to memorialize the parties' agreement by reciting its terms in open court before the plaintiff, his counsel, the defendants, and a court reporter. All of the parties agreed to the terms of the settlement. Those terms are confidential so I won't mention them in this opinion, but at the settlement conference Judge Cosbey asked Mr. Allen on the record whether "these are the terms of the settlement upon which this case will be resolved, correct?" to which Allen responded, "Yes." [DE 59-1.]

Allen was either hit with a rapid case of buyer's remorse or was under duress when he agreed to the settlement because later that same day, he wrote another *ex parte* letter to Judge Cosbey objecting to the agreement. [DE 51.] More letters followed, which Judge Cosbey put under seal because they discussed the terms of the confidential agreement. [DE 52, 54, 55.] Judge Cosbey then stayed the case pending the filing of a motion to enforce settlement, a motion to dismiss, or a stipulation to dismiss with prejudice. [DE 56.] Days later, Dana filed a motion seeking enforcement of the agreement and dismissal.

The district court has inherent authority to enforce a settlement agreement reached in a case pending before it. *Carr v. Runyan*, 89 F.3d 327, 331 (7th cir. 1996). An agreement to settle claims in a federal court is enforceable "just like any other contract." *See Dillard v. Starcon Int'l, Inc.*, 483 F.3d 502, 506 (7th Cir. 2007) (quoting *Lynch, Inc. v. SamataMason Inc.*, 279 F.3d 487, 489 (7th Cir. 2002)); *see also Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 380-82 (1994). Because state law governs whether a contract to settle the case was made,

*Dillard*, 483 F.3d at 506, Indiana law applies here.

Under Indiana law, an oral agreement to settle a lawsuit is generally enforceable. *See, e.g.*, *Zimmerman v. McColley*, 826 N.E.2d 71 (Ind. Ct. App. 2005) (enforcing oral settlement agreement regarding an automobile accident). "A meeting of the minds of the contracting parties, having the same intent, is essential to the formation of a contract." *Id*. at 77. "Settlement agreements are governed by the same general principles of contract law as any other agreement," and thus "[a]n offer, acceptance, plus consideration make up the basis for a contract." *Id*. at 76; *see also Pohl v. United Airlines, Inc.*, 110 F. Supp. 2d 829, 837 (S.D. Ind. 1999). Determining whether there has been a meeting of the minds "is a factual matter to be determined from all the circumstances," and the Court should refer "not to the parties' subjective intents but their outward manifestation of it." *Zimmerman*, 826 N.E.2d at 77.

Here, Dana claims that Allen agreed to settle the case at the settlement conference and should not be able to back out because of "buyer's remorse." But Allen argues (by way of his new counsel) that the settlement should be nullified because he was under duress when he agreed to settle.[1] He also claims he was not given an opportunity to explain his case or seek support and advice from his family members during the settlement conference. Allen further alleges that his counsel was incompetent by not preparing him for the conference, failing to provide a list of his damages to the magistrate judge, and "was in collusion with counsel for the Defendants." [DE 85.] In addition, Allen noted that prior to the settlement conference he requested that his former

---

[1] Most of Allen's letters to the court express his displeasure with his first court appointed counsel. So following the settlement conference, Allen's counsel withdrew from the case, and the court granted Allen new counsel. It's worth noting that Allen has also complained to the court about his second court appointed attorney, accusing him of dishonestly working with the defendants in this case against his interests. [DE 82.]

attorney withdraw from the case so he could obtain new counsel.

I agree with Dana that the agreement reached before Judge Cosbey must be enforced. The transcript of the settlement conference conclusively shows that Allen agreed to settle his claims. Just because Allen is now unhappy with the settlement is neither here nor there. *See Lewis v. School Dist. #70*, --- F.3d ---, 2011 WL 2138097, *2 (7th Cir. June 1, 2011) (affirming settlement where the magistrate judge "recited the terms of the settlement on the record and confirmed the parties' agreement with those terms."); *Lynch*, 279 F.3d at 490-91 (dictating the terms of a settlement agreement to make sure that the parties agree is a "solid, indeed an unimpeachable, basis for [] finding [] that the case had indeed been settled"); *Glass v. Rock Island Refining Corp.*, 788 F.2d 450, 454-55 (7th Cir. 1986) ("If a party to a [] suit who has previously authorized a settlement changes his mind . . . , that party remains bound by the terms of the agreement.").

Allen's duress argument has no merit. In deciding whether a person agreed to settle under duress, "the ultimate fact to be determined is whether or not the purported victim was deprived of the free exercise of his own will." *Youngblood v. Jefferson County Div. of Family and Children*, 838 N.E.2d 1164, 1170 (Ind. App. 2005) (quoting *Raymundo v. Hammond Clinic Ass'n,* 449 N.E.2d 276, 283 (Ind. 1983); *see also Carrasco v. Grubb*, 824 N.E.2d 705, 711 (Ind. App. 2005) ("[I]n order to avoid a contract on the basis of duress, there must be an actual or threatened violence of restraint of a man's person contrary to law, to compel him to enter into a contract or discharge one."). But Allen presents no evidence or argument suggesting that he agreed to settle against his will. His conclusory statement that he was "under duress when he accepted the terms of the settlement" is not enough. [DE 85 ¶ 4; DE 90]; *see, e.g., Tuttle v. SMS*

*Corp. of America*, 2008 WL 4082433, at *1 (S.D. Ind. Aug. 29, 2008) ("[C]onclusory label of 'duress' adds nothing to plaintiff's assertion that she now regrets having agreed to the terms of the settlement."); *Porter v. Chicago Bd. of Educ.*, 981 F.Supp. 1129, 1132 (N.D. Ill. 1997) ("Plaintiff's generalized expression of subjective feeling is fatally conclusory and wholly unsupported by specific factual averments to support a claim of duress.").

Finally, none of Allen's remaining arguments nullify his agreement to settle the claims. First, contrary to his claim, Allen was given at least one opportunity to explain his case when Judge Cosbey asked him if he agreed to the terms of the settlement. If he did not agree, or believed that explaining his case might up the ante, he should have done so then or chosen not to accept the settlement. But he made a choice – one that he now obviously regrets – to do neither. Moreover, even if his attorney did not allow his family members into the settlement conference, or properly "prepare" him for the conference, or provide Allen's list of damages to Judge Cosbey, the result would be no different; Allen was asked if he wanted to settle under certain terms, and he said "Yes." Finally, Allen provides no support for his conclusory claim that his first court appointed attorney "was in collusion with counsel for the Defendants." [DE 85.] Absent some evidence or argument in support, this grave allegation merits no discussion.

As a result, Allen cannot back out of the January 12, 2011 settlement agreement. With that said, I will not order Allen to execute the written settlement agreement that Dana attached to its motion because the agreement contains at least one term that differs from the agreement settled upon at the conference. Specifically, according to the transcript, Allen did not agree to pay 40% of his settlement to his first court appointed counsel at the January 12th conference. As I mentioned earlier, Allen's retainer agreement with his first attorney (if there was one) is simply

not before the court. So, absent evidence suggesting otherwise, Allen is only bound by the terms he agreed to before Judge Cosbey at the settlement conference, which, in relevant part, pays Allen a sum of money in consideration for dismissal of all claims he has against the named defendants. While it is true that Judge Cosbey mentioned that attorney's fees were included in the settlement amount, what that amount is (if any) was never stated on the record, and is a matter between Allen and his first appointed counsel. It is not an issue that is currently before me, and consequently, I take no position on it at this time. Any dispute that may arise on that issue in the future must be taken up by separate motion to enforce an attorney's lien.

As a result, the Motions to Enforce Settlement Agreement and Dismiss the Case are **GRANTED**. [DE 59, 89.] Dana shall deliver the agreed sum to plaintiff's counsel, and shall notify the court that such delivery has been made. The court will then dismiss this action with prejudice. The other terms of the January 12th agreement shall also then take effect without further action by the court.

**SO ORDERED**.

ENTERED: July 26, 2011.

s/ Philip P. Simon
PHILIP P. SIMON, CHIEF JUDGE
UNITED STATES DISTRICT COURT