UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| TERRY L. ALLEN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )  Case No. 1:10-cv-281 |
| | ) |
| DANA CORPORATION, et al., | ) |
| | ) |
| Defendants. | ) |

## OPINION AND ORDER

On March 8, 2011, this Court recruited Attorney John Theisen to represent Plaintiff Terry Allen in this matter (Docket # 73), and Attorney Theisen has not withdrawn. This is the second attorney that the Court has recruited for Allen in this action. (*See* Docket # 34.)

Allen was warned by this Court on March 8, 2011, that with the granting of his renewed motion for appointment of counsel, any documents or motions filed by him *pro se* would be stricken. (Docket # 73.) Nevertheless, Allen filed *pro se* two motions to strike, one on August 11, 2011, and the other on October 14, 2011. (Docket # 95, 129.) Accordingly, the Court on its own motion LIFTS the stay entered on October 18, 2011 (Docket # 132), and in accordance with its March 8, 2011, Order, STRIKES Allen's two motions to strike (Docket # 95, 129). *See* FED. R. CIV. P. 12(f)(1); *United States v. Hagler*, No. 1:10-cr-51, 2011 WL 486142, at *1 (N.D. Ind. Feb. 7, 2011) (striking defendant's *pro se* filings where he was represented by counsel, explaining that "[a party] is not entitled to represent himself while simultaneously represented by counsel").

This ruling ends the case in this Court, leaving a pending interpleader action in the Allen

Superior Court where Attorney Theisen has deposited the settlement funds for adjudication. *See Theisen Bowers & Assocs., LLC v. Terry L. Allen & Christopher C. Myers & Assocs.*, No. 02D01-1110-PL-347 (filed Oct. 5, 2011).  In fact, it appears Allen has already commenced discovery in that case focused on the assertion that Attorney Myers committed malpractice and thus should receive nothing from the settlement proceeds. (*See* Docket # 137.)  The question of Myers's entitlement to a portion of the settlement proceeds—implicating Indiana law—and Allen's contention centered on legal malpractice (again, a matter of Indiana law) are best addressed by the state court where the settlement res is now housed.

The Clerk is to show the case closed.

SO ORDERED.

Entered this 31st day of August, 2012.

S/ Roger B. Cosbey
Roger B. Cosbey,
United States Magistrate Judge